IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM JOHNSON,** | |
| Petitioner, | Case No. 06 C 5351 |
| v. | Hon. Harry D. Leinenweber |
| **JOSEPH LOFTUS**, Warden, Danville Correctional Center, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent's Motion for Stay of Judgment Pending Appeal. For the reasons stated herein, the Motion is **denied**.

### I. BACKGROUND

On February 1, 2008, this Court granted Petitioner William Johnson's § 2254 petition for a writ of *habeas corpus*. This Court agreed with the Illinois Court of Appeals that the State had improperly commented on his post-*Miranda* silence in violation of *Doyle v. Ohio*, 426 U.S. 610 (U.S.Ohio, 1976). The Court disagreed with the appellate court's finding that any error was harmless, however. Considering the egregiousness of the violations, the centrality of Petitioner's credibility to the defense, and certain weaknesses in the remainder of the State's case, the Court found that the error had a substantial and injurious effect or influence on the jury's verdict and could not be deemed harmless. The Court

therefore conditionally granted Johnson's petition for writ of *habeas corpus*.

In granting the writ, the Court ordered that the State of Illinois either must retry or release Petitioner within 90 days. Upon the State's Motion for Clarification, the Court modified its order to read that: "the State has 120 days in which to begin proceedings." Otherwise, Petitioner must be released. The State's companion motion for stay of judgment pending appeal was taken under advisement and is the subject of this Order.

## II. <u>DISCUSSION</u>

When a federal district court issues a writ of habeas corpus, there is a presumption in favor of release pending appeal. *See* FED. R. APP. P. 23(c). That presumption can be overcome, however, where application of traditional stay factors tip the balance against release. *See Hilton v. Braunskill*, 481 U.S. 770, 777 (U.S.N.J., 1987). In considering the motion for stay pending appeal, the Court therefore must consider: (1) the respondent's likelihood of success on the merits; (2) the irreparable injury to respondent absent a stay; (3) the substantial injury to the petitioner caused by a stay; and (4) the public interest. *See id.* at 776. It is also appropriate to consider the possibility of flight, a petitioner's danger to the public if released, and the state's interest in continuing custody and rehabilitation pending a final determination on appeal. *See id.* at 777. These

circumstances will be considered in evaluating the public interest and the possibility of irreparable injury to the state absent a stay. *Cf. Franklin v. Duncan*, 891 F.Supp. 516, 519 n.4 (N.D.Cal., 1995).

## A. Likelihood of Success on the Merits

Ordinarily, for this factor to tip in favor of a stay, the movant must demonstrate a strong and substantial showing of likely success on appeal, not merely the possibility of success. *See Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir., 1997). However, where the second and fourth factors militate against release, the state's demonstration that it has a substantial case on the merits will be enough. *See Hilton*, 481 U.S. at 778.

Here, the State may have an arguable case on appeal, but it is hardly substantial. The State's first contention on appeal that no *Doyle* violation occurred, has been rejected by both this Court and the Illinois Court of Appeals. Although the State argues that the prosecutor's questioning was designed simply to expose Johnson's prior inconsistent statement, and was therefore permissible under *Anderson v. Charles*, 447 U.S. 404 (U.S.Mich., 1980), the state appellate court found there were no material inconsistencies between the two statements, and this Court left that finding undisturbed. The focus of the prosecutor at Johnson's trial was clearly on Johnson's failure to tell his exculpatory story at an

earlier time, not on any inconsistencies in the two statements. Indeed, although some minor inconsistencies between Johnson's two descriptions of his day existed, the State never attempted to expose these inconsistencies, focusing instead on Johnson's post-arrest silence regarding the events surrounding the robbery. The finding of *Doyle* error is clear on the record before us, and the Court believes the State has little likelihood of success on appeal regarding this issue.

The State's alternative argument that any error was harmless may present a closer question on appeal. The State plans to argue that this Court focused too much on minor discrepancies and did not give enough weight to the eyewitness accounts found reliable by the Illinois Court of Appeals. Yet, it is precisely this kind of comprehensive review and testing of the evidence that the Court is required to make in applying the *Brecht* harmless error standard. *See Kotteakos v. United States*, 328 U.S. 750, 765 (U.S.N.Y., 1946). This Court properly considered the relative strength of all the evidence presented in deciding that the error in this case had a substantial and injurious effect on the jury's verdict. Therefore, although the Court recognizes there is some possibility that the Seventh Circuit could reach a contrary conclusion on the issue of harmlessness, it cannot that the likelihood of reversal is strong or substantial.

## B. Irreparable Injury Absent a Stay

The State argues that it will be irreparably injured absent a stay, because it will be forced to begin a new trial which may be rendered unnecessary by a successful appeal. Yet, the State has not been deprived of its right to postpone preparation and commencement of a new trial against Mr. Johnson, and this Court's order does not force them into the irreparable injury of commencing a case which may be rendered moot. The Court's amended order simply requires that Mr. Johnson be released if a new trial is not commenced within 120 days. It is permissible, and perhaps very wise, for the State to delay commencement of new proceedings pending appeal; however, further delay of Petitioner's release in the meantime requires a separate showing of irreparable injury. *See Hampton v. Leibach*, 2001 WL 1618737 *2 (N.D. Ill., 2001).

In its motion, the State makes only a conclusory argument that the convictions before this Court demonstrate the substantial risk of harm Petitioner would pose to the public if released. However, the conviction for offenses now invalidated upon *habeas* review cannot by itself demonstrate a sufficient risk of harm to overcome Rule 23(c)'s presumption of release. *See Hampton*, 2001 WL 1618737 at *2. The Court does note that the State may have an interest in Petitioner's continuing custody and rehabilitation, as Petitioner has served less than ten years of his twenty-five year sentence. *See Hilton*, 481 U.S. at 777. The Petitioner also has a history of

other past convictions, including possession of cannabis, attempt theft, robbery, and unlawful use of a firearm by a felon. However, the State has made no argument that these past offenses show a current risk of harm. *Cf. Hampton*, 2001 WL 1618737 at *2; *Franklin*, 891 F.Supp. at 521. Therefore, there may be some risk of irreparable injury absent a stay, but the State has not made a compelling showing of such harm.

### C. Substantial Injury to Other Parties

The State argues that Petitioner would suffer no harm as a result of a stay, because, if retried, he will "undoubtedly be held at the Cook County Jail during those proceedings." This Court is wary, however, of substituting its judgment for the state court on the question of Petitioner's incarceration pending proceedings. Also, as discussed above, the State fails to demonstrate a compelling risk of harm upon Petitioner's release. Nor does the State demonstrate that Petitioner would not be released with the setting of appropriate conditions or surety. *Cf. Hampton*, 2001 WL 1618737 at *3; *Franklin*, 891 F.Supp. at 522.

Petitioner's interest in release pending appeal is "always substantial." *Hilton*, 481 U.S. at 777. He "suffers irreparable harm each day that he is imprisoned in violation of the United States Constitution," *Burdine v. Johnson*, 87 F.Supp.2d 711, 717 (S.D.Tex., 2000), and there is no adequate remedy for such harm. *See Hampton*, 2001 WL 1618737 at *2. Petitioner has already served

nine and a half years on a conviction that we have found to be constitutionally invalid, and he suffers additional harm every day his release or new trial is delayed. Unless the State can show that the other three factors warrant a stay, the preference for release should control. See *Hilton*, 481 U.S. at 778.

### D. The Public Interest

As embodied in the *habeas* statutes and Rule 23(c)'s presumption in favor of release, the public has a significant interest in ensuring that individuals are not imprisoned in violation of the Constitution. The State cites *Sailor v. Scully* in response, arguing that there is an equally strong public interest in not altering the sentence of a dangerous felon until after appellate review. See *Sailor v. Scully,* 666 F.Supp. 50, 53 (S.D.N.Y., 1987). In *Sailor*, however, the petitioner had been previously convicted of multiple counts of armed robbery and assault on a police officer, and the other factors also favored a stay pending appeal. See *id.* In this case, Petitioner's prior valid convictions were considerably less violent in nature and, as discussed above, the State has failed to argue that Petitioner's prior convictions demonstrate a current risk of harm. Nor has the State argued that Petitioner will pose a risk of flight. In light of the State's merely speculative claims about Petitioner's risk of danger and the clear policy against continued imprisonment in

violation of the Constitution, the public interest does not favor a stay of Petitioner's release pending appeal.

### III.  CONCLUSION

Although the State may have some chance of success on appeal, it has not demonstrated that releasing Petitioner (should it choose not to retry him within the 120-day time frame) would result in irreparable injury or would be contrary to the public interest. The State has therefore failed to overcome Petitioner's always substantial interest in release pending appeal.  Respondent's Motion for Stay Pending Appeal is **denied.**  Should the State choose not to retry Petitioner within the 120-day time frame, Petitioner should move for his release under Rule 23(c), and the Court will decide the application of any conditions of release at that time. **IT IS SO ORDERED.**

					_____
					Harry D. Leinenweber, Judge
					United States District Court

**DATE:** April 1, 2008